[S. F. No. 17869.   In Bank.   Feb. 21, 1950.]

PETER CONROY, Appellant, v. HARRY K. WOLFF et al., Respondents; AUGUST G. STEFFEN et al., Interveners.

Charles P. Scully and Thomas M. Mulvihill for Appellant.

Dion R. Holm, City Attorney, Walter A. Dold, Chief Deputy City Attorney, James C. Purcell and William E. Ferriter for Respondents and Interveners.

SHENK, J.—This is an appeal from a judgment denying a writ of mandate to compel the Civil Service Commission of San Francisco to consider and allow a credit in a promotional examination.

Appellant, Peter Conroy, is a lieutenant in the San Francisco Police Department. He filed an application to take a promotional examination for captain. The regulations for the examination were published by the Civil Service Commission on July 7, 1946, in an official publication known as the "scope circular." This circular designated November 8, 1946, as the "Beginning Date of Examination." The examination was postponed. On December 5, 1946, before the examination was held, Conroy was the recipient of a meritorious award from the Meritorious Award Board for service performed in an arrest occurring November 16, 1946. The examination was held December 12, 1946. Conroy requested that he be given

credit on his examination for his meritorious award. The commission denied his request on the ground that the award was made after the official "Beginning Date of Examination." If the credit had been allowed, Conroy would have ranked about 8th on the list of eligibles for promotion. Otherwise he ranked 15th.

Conroy contends that the city charter compels the commission to grant him the credit. Section 146 of the charter provides: "Whenever it deems it to be practicable, the civil service commission shall provide for promotion in the service on the basis of such examinations and tests as the commission may deem appropriate, and shall, in addition, give consideration to ascertained merit and records of city and county service of applicants . . . All such promotive examinations in the police and fire departments shall be entirely of a written character . . ." Subsection (d) provides: "In addition to the foregoing credits for seniority [covered in subsections (a), (b), and (c)], ten per cent of the total credits allowed for said examination shall be allowed for ascertained merit and meritorious public service; . . ."

The commission concedes that the granting of credit for meritorious service is mandatory under the terms of the charter. It argues, however, that it has discretion to set a "cutting off date" for computing such credits which may be earlier than the date the examination is actually held. It maintains that in this case it had designated as such date the official beginning date of the examination as noted in the scope circular. The commission has adopted such a rule for "seniority" credits and argues that the same rule is intended to apply to meritorious service credits.

The fair import of the language in the charter is that meritorious service is to be credited as of the date examinations are actually held. Section 146 deals with written examinations. Section 146 (d) speaks of credit for meritorious service "for said examination." The charter thus seems to make credit for meritorious service an integral part of the written examination. In other words an applicant's examination is graded not only by his written answers but also by his standing in meritorious service.

The discretionary power of the commission to apply the language of the charter by the adoption of a rule or regulation is not involved here. Assuming that the commission could

promulgate a rule setting a cutting off date for meritorious service credits, it has not done so.

■ The commission's action in Conroy's case cannot be deemed the equivalent of a rule. It does not meet the requirements of section 141 of the charter. That section requires that changes in rules be published, requires that one week's notice be given, and provides that no change in the rules shall affect a case pending before the commission. None of these requirements has been met. Also, section 333, part I, of the San Francisco Municipal Code requires that "Rules . . . of any . . . commission . . . that are of general public concern shall be posted in a conspicuous place, or available for public inspection . . ." The application of credits for meritorious service would appear to be a matter of "general public concern" within the scope of the ordinance.

■ The promulgated rule covering seniority credits cannot be regarded as a rule covering meritorious service credits. There was nothing in its language to indicate that it covered meritorious service.

■ The scope circular cannot be deemed to have established a rule. It merely stated that credit for meritorious service would be "allocated in accordance with the provisions of the charter."

In the absence of a valid rule or regulation prescribing a different date the reasonable implication to be drawn from provisions of the charter is that the cutting off for the application of meritorious service credits should be not earlier than the date the examination is held.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.